UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAY SHARPE,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>RUIZ, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-01624-MMD-NJK<br><br>ORDER |

On November 29, 2022, the Court issued a screening order permitting three claims to proceed and dismissing the remaining claims with leave to amend by December 29, 2022. (ECF No. 5 at 12.) The Court subsequently extended the deadline to amend, giving Plaintiff Ray Sharpe until January 19, 2023, to file a first amended complaint. (ECF No. 8.)

On January 19, 2023, the Court received Sharpe's *pro se* first amended complaint. (ECF No. 11.) That same day, counsel entered a notice of appearance on behalf of Sharpe. (ECF No. 12.) Counsel indicates that she was retained to represent Sharpe on January 18, 2023, and that she advised Sharpe that she would seek permission to file a "counseled, amended complaint on his behalf." (ECF No. 13 at 4.) Accordingly, Sharpe, through his counsel, filed a Motion for Extension of Time to File Amended Complaint (ECF No. 13), a Motion to Strike Plaintiff's *Pro Se* Amended Complaint (ECF No. 14), and a Motion for Extension of Time to Serve Defendants. (ECF No. 15.)

The Court construes Sharpe's Motion for Extension of Time to File Amended Complaint as a request for leave to file a second amended complaint. (ECF No. 13 at 1 n.1 (noting that "[i]n the alternative, this Motion should be construed as a request to file a Second Amended Complaint").) Sharpe's counsel states that "the complaint needs to be

amended by an attorney who has experience with civil rights cases." (*Id.* at 4.) The Court finds that leave to amend is appropriate in these circumstances. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Accordingly, the Court grants Sharpe's construed Motion for Leave to File a Second Amended Complaint. (ECF No. 13.) Sharpe must file his second amended complaint on or before February 22, 2023. Because the Court grants Sharpe leave to file a second amended complaint, there is no need to strike the first amended complaint, and the Court denies as moot Sharpe's motion (ECF No. 14) requesting such relief.

Finally, Sharpe seeks to extend the deadline to serve Defendants to March 20, 2023. (ECF No. 15.) The Court denies Sharpe's request as premature. This case is still in the screening stage. "In cases where a court is required to screen a complaint before it may be served, it is generally accepted that the service deadline prescribed by [Federal Rule of Civil Procedure] 4(m) does not begin to run until the date the court authorizes service of the complaint." *Much v. Langston*, Case No. 16-cv-0863, 2018 WL 5905827, at *7 (C.D. Cal. Oct. 23, 2018), *adopted by* 2018 WL 5906044 (C.D. Cal. Nov. 9, 2018). Because the Court has yet to enter an order regarding service, the 90-day service deadline has not begun to run. Once Sharpe files his second amended complaint, the Court will screen that pleading under 28 U.S.C. § 1915A. If the second amended complaint states a colorable claim for relief, the Court will refer this action to the Inmate Early Mediation Program. If the parties are unable to reach a settlement at mediation, the Court will then enter an order directing that service of the second amended complaint be completed within 90 days.

It is therefore ordered that Sharpe's construed Motion for Leave to File a Second Amended Complaint (ECF No. 13) is granted. Sharpe must file his second amended complaint on or before *February 22, 2023.*

It is further ordered that Sharpe's Motion to Strike Plaintiff's *Pro Se* Amended Complaint (ECF No. 14) is denied as moot.

///

It is further ordered that Sharpe's Motion for Extension of Time to Serve Defendants (ECF No. 15) is denied as premature.

DATED THIS 23rd Day of January 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE