UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND SHARPE,<br>     Plaintiff(s),<br>v.<br>RUIZ, et al.,<br>     Defendant(s). | Case No. 2:22-cv-01624-MMD-NJK<br>**Order**<br>[Docket No. 66] |

Pending before the Court is a stipulation to extend case management deadlines by 90 days. Docket No. 66. The Court attempted to hold a hearing on June 3, 2024. *See* Docket No. 68.

This is a prisoner civil rights case in which Plaintiff is represented by counsel. *See* Docket No. 20. On February 26, 2024, Plaintiff was granted habeas relief and was released from custody shortly thereafter. Docket No. 66 at 2. According to information on the state's website regarding inmates, Plaintiff was discharged on February 28, 2024. *See Daniels-Hall v. Nat. Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (courts may take judicial notice of information on government websites). Plaintiff's transition out of custody led to logistical issues and communication difficulties with his attorney. *See* Docket No. 66 at 2. On April 5, 2024, the parties filed a proposed discovery plan seeking special scheduling review in the form of a discovery period lasting 270 days. *See* Docket No. 60 at 1; *see also* Local Rule 26-1(b)(1) (establishing presumptively-reasonable discovery period of 180 days). The only reasoning offered in the proposed discovery plan to support special scheduling review was the conclusory statement that more discovery time was warranted "[d]ue to the number of defendants, the likely identification of additional defendants, and the fact that some defendants may no longer be employed by the State." Docket No. 60 at 2. No reference was made therein to Plaintiff's habeas proceedings, his transition out of custody, or communication difficulties with his attorney. *See id.* Because the conclusory and

1

speculative reasoning given for special scheduling review is plainly insufficient, on April 8, 2024, that request was denied and the Court entered the standard case management schedule. *See* Docket No. 61. Neither an objection to that order nor a motion for reconsideration by the undersigned was filed.

On May 20, 2024, the parties filed a stipulation to extend case management deadlines. Docket No. 66. That request is predicated in significant part on the fact that Plaintiff had been granted habeas relief, that he had encountered logistical issues in transitioning out of custody, and that his counsel had lost communication with him during that process. *See id.* at 2. The stipulation also represented that these issues motivated the initial request for special scheduling review, *see id.*, although they were not mentioned in the parties' discovery plan.

This scenario raises a host of problems. First, extension of case management deadlines is warranted only by "the development of matters which could not have been reasonably foreseen or anticipated" when the scheduling order was entered. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Such is plainly not the case here as the above circumstances predated the filing of the discovery plan and the issuance of the scheduling order. Second and relatedly, the pending filing effectively amounts to a request to reconsider the scheduling order based on information that could have and should have been presented within the discovery plan. Problematically, the motion for reconsideration was not brought in prompt fashion, *see* Local Rule 59-1(c), and is not a vehicle to present issues that could have been raised earlier, *see Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Third, the circumstances raise concern regarding a lack of candor given the current representations that the prior request for special scheduling review was sought because of reasons that were omitted from that request. *See* Docket No. 66 at 2 ("One of the reasons that the Parties sought the original extended scheduling deadlines was that on February 26, 2024, the state court in Mr. Sharpe's post-conviction petition for writ of habeas corpus granted him relief and vacated his convictions. . . . At the time of the filing of the now-rejected original proposed scheduling order, Mr. Sharpe's undersigned counsel was unable to reach him and needed the extra time to communicate with him and obtain documents and

additional facts and information that were relevant to how discovery would proceed"); *but see* Docket No. 60 at 2 (omitting such reasoning).

In short, the pending stipulation on its face fails to establish good cause for an extension and fails to establish grounds for reconsideration. The reality is, however, that the Court likely would have allowed an extended discovery period from the start had the discovery plan explained what was actually going on. Given that the instant request is unopposed, in an effort that the case be decided on its merits, and as a one-time courtesy, the Court will grant the instant request construed as a motion for reconsideration. Accordingly, the stipulation is **GRANTED** as so construed and case management deadlines are hereby **RESET** as follows:

- Amend pleadings/add parties: September 9, 2024
- Initial experts: October 9, 2024
- Rebuttal experts: November 11, 2024
- Discovery cutoff: December 9, 2024
- Dispositive motions: January 7, 2025
- Joint proposed pretrial order: February 6, 2025, or 30 days after resolution of dispositive motions

Given the leniency provided herein, the Court is not inclined to grant any further relief from these deadlines absent a robust showing as to the governing standard(s). *See* Local Rule 26-3.

While the Court is granting relief as stated above, it does not excuse the conduct of Plaintiff's counsel. Given the convoluted and contradictory representations in the record, the Court convened a hearing to discern what happened when so that it could resolve the pending request in possession of the pertinent facts.[1] The Court's inquiry was met with an outburst by Plaintiff's counsel regarding the fact that the Court had previously denied the improperly supported discovery plan and that the Court had not considered counsel's personal life events that were not mentioned in the filings as a basis for obtaining relief.[2] Plaintiff's counsel constantly interrupted and refused

---

[1] The Court also had questions regarding Defendants' late disclosures. *See* Docket No. 66 at 2-3.

[2] Those life events post-date the filing of the discovery plan.

to provide coherent answers, impeding the ability to hold a simple hearing to fill in the gaps in her filings.  At the end of the day, the Court has been provided unreliable attestations as to the circumstances at issue, including a recantation of the representations made recently in the pending stipulation itself.  Hearing Rec. (6/3/2024) at 2:06 p.m. ("that's just wrong").  The Court certainly sympathizes with the life events identified at the hearing, but those events do not give counsel license to cast aside the decorum expected in the courtroom.  Moving forward, counsel must act with "a high degree of professionalism and civility."  Local Rule 1-1(c).  Moreover, those life events do not relieve counsel of her duty to make factually accurate representations to the Court. *See, e.g.*, Fed. R. Civ. P. 11.

        IT IS SO ORDERED.

        Dated: June 4, 2024

                                            Nancy J. Koppe
                                            United States Magistrate Judge