UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAY SHARPE,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>RUIZ, *et al.*,<br>　　　　　　　　Defendants. | Case No. 2:22-cv-01624-MMD-NJK<br><br>ORDER |

**I.　SUMMARY**

Plaintiff Ray Sharpe filed an unopposed motion to clarify or reconsider parts of the October 30, 2023 screening order, arguing that the Court mistakenly characterized his Tenth Claim for Relief as bringing a claim for negligent infliction of emotional distress instead of simple negligence. (ECF No. 69.) Reconsideration of an order that is not case-dispositive may be appropriate if "the court has overlooked or misunderstood" any point of law or fact. Nev. LR 59-1(a); *accord* Fed. R. Civ. P. 60(a). Upon second review, the Court finds that Sharpe's Second Amended Complaint ("SAC") seeks to bring a claim for simple negligence with physical and emotional injuries, not a claim for negligent infliction of emotional distress as stated in the October 30, 2023 screening order. (*See* ECF No. 20 at 47-49.) The Court thus grants Sharpe's motion for reconsideration, and now determines if the SAC sufficiently states a state-law negligence claim against any Defendant. Finding that it does, the Court vacates and amends the screening order accordingly.

**II.　DISCUSSION**

"A claim for negligence in Nevada requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008). Nevada recognizes that,

"[a]s a general proposition, prisons and prison officials must exercise reasonable and ordinary care to protect violence between inmates" but "the State only has a duty to protect inmates from foreseeable harm." *Butler v. Ex rel. Biller v. Bayer*, 168 P.3d 1055, 1063-64 (Nev. 2007).

Sharpe's Tenth Claim for Relief states a colorable negligence claim. Based on the allegations, Lieutenant Ruiz, D. Thomas, and Does 1-5 are State employees who are responsible for the supervision and movement of prisoners in High Desert State Prison. The SAC contains sufficient factual allegations to state that these Defendants breached their duties when they orchestrated, planned, and/or participated—through acts or omissions—in an attack on Sharpe by Suernos gang members, and subsequently interfered with him receiving medical care for physical injuries that he sustained in the attack. Sharpe also alleges that he sustained severe emotional injuries like depression and anxiety because of Defendants' breaches.

The SAC sufficiently alleges that Ruiz, Thomas, and Does 1-5 acted outside the scope of their employment and for their own benefit, not on behalf of their employer. But there are no factual allegations that any other Defendant's alleged tortious conduct or omission occurred outside the scope of their employment duties. The state-law negligence claim is therefore sufficiently pled as to Ruiz, Thomas, and Does 1-5 but not as to the Nevada Department of Corrections, Daniels, Johnson, Williams, or Does 6-10.

### III. CONCLUSION

It is therefore ordered that the motion to clarify or reconsider the October 30, 2023 screening order (ECF No. 69) is granted.

It is further ordered that the parts of the screening order allowing a claim for negligent infliction of emotional distress to proceed (ECF No. 21 at 20:18-21:06 & 22:18-21) are vacated.

It is further ordered that the October 30, 2023 screening order is amended to provide that the state-law negligence claim—Sharpe's Tenth Claim for Relief—will proceed against Ruiz and Thomas now, that claim will proceed against Does 1-5 when

Sharpe learns their true names and obtains leave of Court to substitute them as defendants in this action, but that claim is dismissed without prejudice and with leave to amend as to Daniels, Johnson, Williams, and Does 6-10.[1]

DATED THIS 24th Day of June 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This order does not disturb the Court's finding that the State of Nevada ex rel. the Nevada Department of Corrections ("NDOC") is an indispensable party to Sharpe's state-tort claims arising out of acts or omissions within the scope of Defendants' public duties or employment, or its decision to dismiss those claims without prejudice but without leave to amend in this action because the Court lacks an independent basis for jurisdiction over the State and the NDOC.