# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND SHARPE,<br><br>        Plaintiff,<br><br>v.<br><br>RUIZ, *et al.*,<br><br>        Defendants. | Case No.: 2:22-cv-01624-MMD-NJK<br><br>**Order** |

On November 5, 2024, counsel for Plaintiff filed a motion to withdraw as counsel of record. Docket No. 77. The Court set a hearing on that motion for December 19, 2024, and ordered that, *inter alia*, Plaintiff's counsel must appear in person at the hearing. Docket No. 78. The Court further ordered counsel to serve a copy of the Court's order setting the hearing on Plaintiff and to file proof of service. *Id*. On November 26, 2024, Plaintiff's counsel filed proof of service, indicating that he served the Court's order on Plaintiff. Docket No. 79.

On December 19, 2024, Plaintiff and counsel for Defendant appeared at the hearing; however, Plaintiff's counsel failed to appear. Docket No. 80. After hearing from the parties who were present, the Court denied Plaintiff's motion to withdraw as counsel of record. *Id*. The Court further ordered Plaintiff's counsel to show cause as to why the Court should not issue sanctions based on his failure to appear at his own motion's hearing. Docket No. 81. Attorney Richard Bryant responded to the Court's order to show cause on December 23, 2024. Docket No. 82.

Mr. Bryant submits that his failure to appear was due to his negligence in adding the hearing date to the office's calendaring system. *Id*. at 3. In response to this incident, counsel submits that his office has "conducted a post-mortem evaluation of [its] internal processes … remedial action has been taken…and additional attention is directed toward all CM/ECF filings

1

and calendaring responsibilities." *Id*. at 3-4.  Further, counsel submits that sanctions are not warranted as the failure to appear was due to an inadvertent mistake. *Id.* at 4.  Counsel is wrong.

Counsel is required to follow court orders. *See, e.g.*, Fed. R. Civ. P. Rule 16(f). Rule 16(f) further provides that the Court may order appropriate sanctions, as outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance.  Whether counsel disobeyed the Court's order intentionally is irrelevant. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (sanctions may be imposed when disobedience of order is unintentional). Rule 16(f) "was designed not only to insure the expeditious and sound management of cases for trial, but to deter conduct that unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures." *Trs. of the Operating Eng'Rs Pension Trust v. Maui One Excavating, Inc.,* 2013 U.S. Dist. LEXIS 65748 at *2-3 (internal citations omitted).  Similarly, the Local Rules make clear that the Court may "impose any and all appropriate sanctions" on attorneys who either fail to appear when required for argument on a motion or otherwise fail to comply with any order of the Court.  Local Rule IA 11-8.

Contrary to counsel's assertions, the Court has the authority to impose sanctions, even if the sanctionable conduct was caused by an inadvertent mistake.  Since this was the first time counsel failed to appear at a hearing before this Court, the Court declines to impose sanctions and, instead, **ADMONISHES** Mr. Bryant.  Mr. Bryant can anticipate that future failure to follow court orders may result in sanctions.

Additionally, the Court **ADMONISHES** attorney Kristina Wildeveld.  During her "attempt[] to communicate with the Court's clerk," Docket No. 82 at 5, Ms. Wildeveld treated courtroom staff inappropriately and with a complete lack of respect. *See* Local Rule IA 11-1(a)(2)(C) (for admission to the bar of this court, an attorney must take an oath to conduct themselves uprightly); *see also* 2016 Supreme Court of Nevada Rules Regulating Admission to the Practice of Law ("I will conduct myself in a civil and professional manner").  Such unprofessional behavior will not be tolerated.  Ms. Wildeveld is expected to adhere to the highest

standards of professional decorum and must do so going forward.  Ms. Wildeveld can anticipate that future failure to conduct herself in a professional manner may result in sanctions.

The order to show cause is **DISCHARGED**.  Docket No. 81.

IT IS SO ORDERED.

Dated: January 10, 2025.

                                                      Nancy J. Koppe
                                                     United States Magistrate Judge