# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAY SHARPE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LT RUIZ, *et al.*,<br><br>　　　　Defendants. | Case No.: 2:22-cv-01624-MMD-NJK<br><br>**Report and Recommendation** |

On January 10, 2025, the Court ordered Plaintiff to either retain new counsel or file a notice of intent to proceed *pro se* by February 10, 2025. Docket No. 90. Plaintiff violated that order. On February 18, 2025, the Court ordered Plaintiff to either indicate to the Court that he intends to proceed *pro se* or have new counsel enter an appearance on his behalf by February 28, 2025. Docket No. 97. Plaintiff failed to do so. *See* Docket. On March 3, 2025, the Court ordered Plaintiff to file a notice that he intends to proceed *pro se* or have new counsel enter an appearance on his behalf by April 4, 2025. Docket No. 99. Plaintiff, once again, failed to do so. The Court's orders warned Plaintiff that "failure to comply may result in sanctions." Docket Nos. 97 at 1, 99 at 1 (emphasis in the original).

Further, Plaintiff's address is incorrect. *See* Docket Nos. 93, 94, 98, 100 (mail returned as undeliverable). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). To that end, the Court's local rules requires a *pro se* party to "immediately file with the court written notification of any change of mailing address." Local Rule IA 3-1. The rule expressly warns that "failure to comply with this rule may result in the dismissal of this action." *Id*.

Plaintiff has disobeyed the Court's orders and the Local Rules. Plaintiff's failure to update his address, his violation of the Local Rules, and his disobedience of Court orders are abusive litigation practices that have interfered with the Court's ability to hear this case, delayed litigation,

disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the orders of this Court notwithstanding the Court's warnings that sanctions may be imposed.

Accordingly, in light of the circumstances outlined above, the Court **RECOMMENDS** that this case be **DISMISSED** without prejudice. The Clerk's Office is **INSTRUCTED** to send this report and recommendation to Plaintiff via both his mailing address and his email address.

IT IS SO ORDERED.

Dated: April 9, 2025

Nancy J. Koppe
United States Magistrate Judge

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).